If the court please, I'm Mark McClanahan. I represent the plaintiff's appellants in an adversary proceeding that is part of a Bankruptcy Chapter 7 proceeding in the District of Arizona. Our objective as appellants is to obtain the reversal of a dismissal of my client's complaint and objections to the discharge of the defendant's debtors from certain alleged debts on the ground of Section 523A of the Bankruptcy Code, more specifically for fraud in that particular debt. In general, that is the objective, but we do have some more specific requests and requests as well, and that is that most generally, we ask that the court direct either in its opinion or by order that the case is remanded to the Bankruptcy Court of the District of Arizona with directions to exercise its discretion on the motion for relief filed by the plaintiff's appellants, and that would carry with it the debtor's motion to dismiss as well. Can I ask a practical question before we get into specifics? This was a Chapter 7 bankruptcy, right? Yes. And was it a no-asset case, or were there assets? There are assets. And so your clients still have their unsecured claims? Did they get a distribution or not? There's been no distribution yet. They have filed a claim on the same claim in the estate. The estates will not be sufficient to cover the damages. And do you have an estimate? Is it a 10 percent distribution? I hesitate to do so. Okay. But in any event, your clients are not going to be made whole by it, and that's why you're seeking the non-dischargeability, right? They will not be made whole. We're content that they will not be made whole by a long shot by the distribution from the estate. Right now, the action on their claims against the estate are being held in advance pending the outcome of this case. Another practical question, I guess, is that just to let everybody be on the same register, if you will, in order to file a non-dischargeability complaint, one has to do two things. One, open an adversary proceeding, and two, file a non-dischargeability complaint, correct? Correct. And that didn't happen on the particular day it was allowed. And we're here because it didn't happen. Yes, one half of that, or the second half. The cases were actually opened on April 13, and April 13 was the last day for the due date for objections of this kind. And the cases were opened electronically. They opened the adversary proceeding, but they didn't file the complaint. They didn't get the complaint filed until when there are two cases involved here. In one case, they were approximately 26 minutes after midnight, and therefore late by 26 minutes. And the other case, about 38 or 39 minutes late, because after midnight. And the reason, according to the affidavits filed, had to do with technical failures of our computer. And, of course, electronic filing is the exclusive means of filing such matters in the District of Arizona. In a way, you're making an equitable argument if we were a court of equity. But on these facts, shouldn't we consider how much time they had to make the filing before we decide, oh, well, 38 minutes doesn't matter? Because nobody knows at the deadline hour that in 38 minutes something is coming. They just know the deadline hour is right. And should we take that into consideration as we listen to what I think is an equitable argument? It is our contention that no, it should not be. But we get to it with a bit of reasoning that I'll mention. The problem alleged in the motion for relief is the technical failures of the computer in the exclusive means of filing these matters. And the ‑‑ You said exclusive a couple times, but actually if we were in the old system, you'd be six hours, seven hours late, because the clerk's office would have closed at 5 o'clock. Probably 5 p.m. However, the rule said last day is at midnight. So I think we were probably entitled to rely upon that. Right. The idea of filing at 5 o'clock was no longer pertinent. No. But I think the biggest problem you have is we have a whole series of circuit cases that say, especially with dischargeability objections, that you have to file it on a date certain. And there's not much room to move on that. Well, that gets to the point of our argument and our contentions. And we are asking that it be remanded to have the court exercise its equitable discretion, which we contend that it has. And the significance of that is that the court ruled, similar to your remarks, that they had ‑‑ that the bankruptcy court had no discretion on the matter and that they were required to dismiss the case, the cases that are to them, as a matter of law. Are you arguing, sir, that somehow the court misled your creditor? Well, to a degree, but not very directly. Well, that's why I read your argument pretty carefully. It doesn't seem to me that you're really arguing that the court misled the creditor. You're just arguing, well, this is a close case, and we had to file, and we didn't quite get it done by our computer, and therefore equity ought to prevail. Yes, and we believe that the bankruptcy court is the court to exercise its discretion, as distincted from this court. Ellen, I understand what your argument is there, but you're really asking the bankruptcy court, as I understand it, to use a rule that they are ‑‑ that you argue they have, which would undo what the rules are that have been set up, aren't you? Well, that is ‑‑ we have two types of contentions to get to where we want to get, and one of them is that, and that has to do with the local rule of the bankruptcy court, which says that in this situation, technical failures or lateness of electronic filing, that on the grounds of either cause, which probably means good cause, or excusable neglect, on those grounds the motion may be filed for consideration by the court to relieve that untimeliness. But what do you do with classic auto, where it says no use of equitable power to exercise a mistake, or to excuse a mistake, except in cases where the court misleads the creditor? Well, we don't believe that that is the law. That's what classic says. Well, I don't believe it's the law of this, or should be, and is not, and the reason is this. In 1996, when electronic filing was initiated in federal courts and in general, Rule 5005A delegated to the local court to adopt filings pertaining to electronic filing, whether it's to be required and whether it may be made, and we contend that that includes the issue of what happens if there are technical failures and that it's untimely. We have some pretty reputable support for that, and that is that the Judicial Conference of the United States in the year 2001 recommended a series of, I think, 12 model rules for local bankruptcy courts to consider adopting, one of which was model rule number 11, which essentially is the same as what the bankruptcy court in Arizona has. Right. But that just pertains to electronic filing in general, right? Just electronic filing. Why do you think that supersedes the specific rule on dischargeability? Well, the specific rule on dischargeability is a national bankruptcy rule. The rule that I spoke of, the 5005A adopted in 1996, was adopted after that one. And there are several rules and difficulties of interpretation in the bankruptcy code, for instance, are the local rule, excuse me, the bankruptcy rule, the national bankruptcy rule, 9024, adopts Federal Rule of Procedure 60B, which on the grounds of fraud confers the authority to review it. Well, which controls? The 407C and 906B, which would say, as you've indicated, that file it, get your extension of time, if any, and file that motion before the time runs out. That's right. Or do you just read that you can do that at a later time, maybe within a year? There are some problems in interpretation. And, of course, we are faced in this particular case with one of the kind of tiebreaker type resolution, which bankruptcy courts frequently make. And that is, well, the goal of bankruptcy, Chapter 7, is to allow or provide for the debtor to have a fresh start. And we agree that that is one of the very important goals of the bankruptcy court, except that it does not apply to this case. Counsel, your time has expired. We'll give you a couple minutes for a vote. All right. Thank you. Good afternoon, Your Honors. Randy Nussbaum on behalf of the Appleese. I'd like to follow up on the discussion with Judge Smith. Judge Smith, in this case, the deadline as enunciated under Bankruptcy Rule 4007 is absolute. Appellants are disregarding the statutory scheme in this case. 9006 is a federal rule that talks about the timing and when the court may allow relief from an untimely filing. 9006 has a specific section that references 4007 and states that you have to look to 4007 to determine when an untimely filing would be allowed. If you look to 4007, you'll see that Bankruptcy Rule 4007 is absolute. So you think if, for example, the fault had been on the court, the court's computer rather than the attorney's computer, that the absolute rule would still apply? Judge Thomas, 9006 specifically addresses that possibility. If you look at 9006, it talks about a problem with electronic filing with the court. It does not reference any type of problems with a filer. So we acknowledge that there are circumstances in which, if there's a problem with the court system, that a party may be allowed relief in that type of situation. But if the Supreme Court wanted to expand that theory or that approach to problems with the filer, Rule 9006 could have specifically referenced that, but that's not what happened here, nor are the appellants arguing that this was the fault of the court. Now, we recognize that if the court had sent out inconsistent notices, you've got the Ann Weiler decision, you've got decisions that state that if the court does send out an incorrect notice so that the party relies upon it, then equitable relief may be allowed in that situation. That's got to be because it's unfair for a party to rely upon the court's notice and then as a result is damaged, but that's not what happened here. And so we need to emphasize that this is not a case in which the legislative scheme or the statutory scheme allows any variance whatsoever. There are other portions of the bankruptcy code that will allow relief. You've got cases like Pioneer that allowed a late filing of a proof of claim, but in that case you don't have an absolute bar like in this situation. The fact that the filing may have been 30 minutes late doesn't matter because the statute does not talk in terms of good cause or excusable neglect. And I want to follow up on that discussion. There is no grounds in this case to argue either excusable neglect or good cause. It does not exist. Before you get into that, why don't we talk about the local rule? I mean, one of the concerns I have, and I recognize that your argument is that the local rule may not be inconsistent with the national scheme, but assuming that it is for the sake of argument, why can't attorneys rely on the local rule? And why isn't that, if there's a local rule, even if it's in tension with the national rule, why doesn't that constitute a constructive misleading of counsel? Judge Thomas, the reason why is if an attorney is going to rely upon the local rule, the attorney needs to be familiar with Federal Rule 9029 and Local Rule 1001. 9029 authorizes a local court to draft local rules to address situations in which the federal rules are either not clear or you need to fill potential gaps in the federal rules. Local Rule 1001 then discusses, again, the purpose and the goal behind the local rules. In both instances, the statutes clearly declare that a local rule cannot be inconsistent with the federal rules. Right, but the problem I see with that, and this may not fit precisely with this case, but we do get cases often where there's a tension between a local rule and a national rule, but if you're an attorney on the ground, you look to the local rules and you say, well, this court is telling me what I need to do here, and you rely on that. You don't have to say, well, I'm not sure I need to determine whether the local rule is inconsistent with the federal rule and do that kind of research in every case, because how are you going to tell a local court that actually your rule is superseded for a conflict? If this was a case in which 4007 was not unequivocal, I could understand why an attorney may rely on Local Rule 5005, but if you open the door and allow Rule 5005 to be used to set aside court rulings, and I hate to use the old Pandora's box analogy, but that's exactly what you're going to have here. If you've got the Supreme Court making a decision, it's a judicial decision, to have an absolute deadline under 4007, one of the reasons why our courts will allow extensions of time to file under 4007 is because of the very nature of the rule. In this case, as you know, the appellants were not relying upon the original deadline date. They were given five months. So this was not a case where the appellants were under the gun, so to speak. They were given an additional five months, and initially they were given approximately three and a half months from the date of the initial filing of the case. So in this situation, the appellants had eight and a half months to file. So I understand the concern that the Local Rule may not be that clear, but if you're going to practice in our bankruptcy courts, you need to be familiar with 9029. You need to be familiar with Rule 1001. In fact, both those rules put the practitioner on notice that if the Local Rule is inconsistent with a specific either Federal rule or bankruptcy rule, you cannot rely upon the Local Rule. What about in this particular record? Maybe, I mean, it seems to me that at least appellants can argue that they were prevented from doing their discovery. It seemed to me that that was somewhat of their argument, and so they might be even arguing that somebody impaired their ability to do what they had to do at the right time. Now, in those circumstances, it seems to me that that's something that bankruptcy court and the district court said, well, it might be, but we don't care. The rule is what the rule is. So I guess I want you to speak to that. What if, as they allege, you permitted them from doing the discovery they needed to do to bring forth this complaint? Shouldn't somebody think about that in determining what to do in this situation? Judge Smith, first of all, I don't know how well the appellants articulated that concern, but assuming they did sufficiently to be before this Court, here's the problem in this situation. Well, the articulation of it is not necessarily my worry. If articulated how well, it seems to me that the decision made by the courts below were, we don't care how well you're going to make it. The rules say what they say. Judge Smith, actually, there are cases that allow equitable tolling in certain circumstances. For example, in the Romano case, when the case is- that if, in fact, the other side does something that prevents you from doing what you need to do, filing the complaint, because really what they were trying to do, get some facts to know what they should do in filing the complaint, that one should just say, based on the rules, that's the way it is. Too bad. Judge Smith, in probably the vast majority of the cases, that is the rule. But in this situation, it doesn't matter for the following reasons. First of all, in this case, the appellants could have filed the complaint anyway because months prior to the deadline, they had articulated a number of grounds they had for filing the complaint. The decision to wait until the evening of the deadline was the appellant's choice alone. The second consideration here is that the appellants had the absolute right to file a motion for additional time. The court would have been hard-pressed not to grant that motion if the appellants had filed it on time. Something that's been ignored by the appellants in their argument, there was local counsel in this case. You've heard a lot about the fact that the appellants were represented by an attorney in Oregon trying to file electronically out of Oregon when it's an Arizona bankruptcy case. But there was local counsel. If the appellants recognized there may be any type of problem in filing- Why would that make any difference when you're filing electronically? Pardon? Why would that make any difference if you're filing electronically? Well, because if you want to act in a diligent manner in a case like this one, if the appellants had not waited until approximately 9.30 or 10 o'clock to start to file, if they tried actually doing this during the day, let's assume for a moment, Judge Thomas, that the appellants ran into electronic filing difficulties during the course of the day, they could have called their local counsel, filed a motion, filed the complaint. The reason why the appellants are in the quandary they're in right now is they waited until, again, approximately 9.30 or 10 o'clock Oregon time to open the file. By doing so, they lost the ability to refer to or depend upon local counsel. And, again, the appellants have disregarded what I believe is an important issue in a case like this one, that they had to retain local counsel who could have backed up the appellants if they're unable to file on a timely manner. So even though we recognize- It's pretty tough to do around midnight. Pardon? Pretty tough to do around midnight, I'd expect. You're not going to knock on Judge Case's, I guess it wasn't Judge Case's, door and say, here's the filing. Well, I recognize, but at least if the appellants had not waited until late in the evening, Judge Thomas, he could have, Mr. McClanahan could have called local counsel in Arizona and said, file a motion. And remember, Judge Baum had granted the initial extension for five months. Mr. McClanahan actually, in his initial request, even alerted everyone, I may need more time. I'm letting you know in advance. If you look at the record, you'll see a reference where Mr. McClanahan actually warned everyone, I may need more time. Frankly, we were waiting for that motion. It never happened. Instead, we ended up with a belated filing. So even though there may be a time and place in which equitable considerations come into play, even though sometimes the Court has to intervene, I can't think of a case where there's less facts on the record to justify disregarding the Claire mandate of Bankruptcy Rule 9006, Bankruptcy Rule 4007. And therefore, we ask that this time that the Court simply affirm the ruling of Judge Baum, the State court. Any other questions at this point? I know I'm out of time. Just one, and I guess you'd concede that your clients were not prejudiced by the late filing. That is, Judge Thomas, besides the fact that their bankruptcy was filed three and a half years ago and they've expended the cost, we do acknowledge that the late filing itself on its own did not pressure them except for those reasons. Any other questions? Thank you for your argument. Okay. Thank you very much. We'll give you two minutes for rebuttal. One of the grounds alleged in the complaints for fraud was fraudulent concealment of very important facts that the plaintiffs and their counsel did not know, whether local counsel or Portland counsel or whatever. And those facts were not learned until the late afternoon of April 12, 2010. And it would have been virtually impossible to redraft and work on a complaint that you have to allege with particularity and get it done any sooner. Well, but you would agree with me that you raised these allegations of fraudulent concealment in your pleadings as early as November 2009. I disagree with that entirely. The fraudulent concealment that I spoke of was that there was a seven-month, seven-and-a-half month delay in filing the Uniform Commercial Code filing notice of the blanket security agreement that had been transferred to the sister-in-law of the defendant Johnson, the chief financial officer. I'm amused at that part of your argument, because you know as competent counsel, if you had filed timely and you had later discovered something that was not discoverable earlier, you would have just moved to modify it. Well, I think I deal with that in the brief, about the problem of relation back. And you're supposed to rule, because Federal Procedure 9, I think it is, governs that fraud claims have to be pleaded with particularity, and that leads to the problem of whether if you do find some more facts and you amend the complaint, you may be able to amend the complaint, but it won't relate back unless it's very closely connected. And that was one of our serious concerns. And we had no idea that they had to. But you could have also scheduled a 2004 examination earlier. This was a 2004 examination. No, I said you could have scheduled it earlier. Well, we tried to explain that, and we do think that that would be an issue for the Bankruptcy Court to consider. We were pretty busy contesting that sister-in-law proceeding in the Northern District of California in the expirix, the employer's bankruptcy. And we tried and didn't get the facts, and it was a complete surprise when on April 12th we learned that the loan and security agreement and so forth to the sister-in-law, by the sister-in-law, had not been in November of 2008, but had been May 5, 2008. And they had told the employees continuously that they were protected, they had priority, and so forth. And they did not disclose, all three of them, Vergley, Payne, and Johnson, according to the transcript that's in the excerpts of record on the rules 2004 examination that I took the 12th of April. Thank you, counsel. Your time's expired. I want to make sure everybody's asked their questions. Thank you. Thank you for your arguments, and I appreciate both of you coming here from Arizona to argue the case. The case just heard will be submitted for decision.
judges: Farris, Thomas, Smith